FILED

14 JAN 14 AM 11: 22

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGLEFIX TECH, LLC,<br><br>   Plaintiff,<br><br>vs.<br><br>NUVASIVE, INC.,<br><br>   Defendant. | CASE NO. 13-CV-983-BEN (RBB)<br><br>**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>[Docket No. 20] |

Before this Court is a Motion for Judgment on the Pleadings filed by Defendant NuVasive, Inc. (Docket No. 20).

## BACKGROUND

On April 24, 2013, Plaintiff AngleFix Tech, LLC (AngleFix) filed a Complaint alleging that NuVasive, Inc. (NuVasive) infringed U.S. Patent Number 6,955,677 ('677 Patent). The '677 Patent is entitled "Multi-angular Fastening Apparatus and Method for Surgical Bone Screw/plate Systems," and lists Laurence Dahners as the sole inventor. (Compl. ¶ 5). On July 8, 2013, NuVasive filed an Answer in which it asserted two counterclaims against AngleFix, seeking declaratory judgments of non-infringement, and of the invalidity and unenforceability of the '677 Patent. (Answer ¶¶ 161-167). AngleFix filed a Response on August 9, 2013. NuVasive filed the Motion for Judgement on the Pleadings on September 10, 2013.

This matter arises out of a patent for products used in orthopedic surgical procedures. AngleFix has not yet provided a technical introduction to the patent, but

the characterization of NuVasive is included for purposes of context. As described by NuVasive, some spinal problems can be treated with a procedure in which a surgeon removes an intervertebral disc, replaces it with bone, and immobilizes the spine to allow bone to grow across the disc space. (*Id.* ¶ 43). The immobilization may be achieved using a spinal fixation device. (*Id.*) Such devices include a metal plate attached to the bone with screws that holds the vertebral bodies in the proper alignment while the bone heals. (*Id.*) One challenge to such immobilization is the danger that the screws will back out of the plate over time. (*Id.* ¶ 45). This can cause a number of undesirable consequences, such as damage to the esophagus, nerve impingement, or inhibition of the fusion process. (*Id.*)

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." A district court can render a judgment on the pleadings when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved, and that it is entitled to judgment as a matter of law. *Enron Oil Trading & Trans. Co. v. Walbrook Ins. Co., Ltd.*, 132 F.3d 526, 529 (9th Cir. 1997) (citations omitted). A motion for judgment on the pleadings is evaluated under the same standard as a motion to dismiss brought pursuant to Rule 12(b)(6). *See id.*

A judgment on the pleadings is appropriate when, even if all the allegations in the complaint are true, the moving party is entitled to judgment as a matter of law. *Milne ex rel. Coyne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042 (9th Cir. 2005). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Lowden v. T-Mobile USA, Inc.*, 378 Fed. App'x 693, 694 (9th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The factual allegations must raise "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal is appropriate if the complaint fails to state enough facts to raise a reasonable expectation that discovery

Case 3:13-cv-00983-BEN-RBB   Document 50   Filed 01/14/14   PageID.839   Page 3 of 5

will reveal evidence of the matter complained of, or if the complaint lacks a cognizable legal theory under which relief may be granted. *Twombly*, 550 U.S. at 556.

## DISCUSSION

NuVasive bases its motion on a single argument: that the admitted structure of the accused product does not contain an external thread on the screw head, and that each claim of the patent requires an external thread on the screw head. (Mot. at 2).

NuVasive's Motion must fail because its argument requires this Court to construe key terms in the patent at the pleading stage. NuVasive's motion is explicitly premised upon its construction of the claim to require that the external thread on the screw head is required by each of the claims of the '677 Patent, and that the accused products do not have such a "thread." (*See* Mot. at 2). AngleFix vigorously disputes these constructions on several grounds. (Opp.) NuVasive is correct in stating that claim construction is a question of law to be decided by the Court. *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 384 (1996). However, construction of the claims is not appropriate at this stage of the proceedings.

The Federal Circuit has addressed the inappropriateness of a court adopting a narrow construction of the claim at the pleading stage, before a proper claim construction hearing:

> We agree with R+L that, to the extent the district court based its assessment of the "reasonableness" of a given inference of infringement on a narrow construction of the patent's claims, claim construction at the pleading stage—with no claim construction processes undertaken—was inappropriate . . . We afford the claims their broadest possible construction at this stage of the proceedings.

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1343 n.13 (Fed. Cir. 2012).

District courts have repeatedly held that if a court is required to construe the meaning of claim terms and perform an infringement analysis in order to resolve a motion to dismiss or motion for judgment on the pleadings, the motion should be denied, because this type of analysis is inappropriate at the pleading stage. *Novartis Pharm. Corp. v. Actavis, Inc.*, No. 12-366, 2012 WL 6212619, at *7 (D. Del. Dec. 5,

2012) (citations omitted); *see also Butamax Adv. Biofuels LLC v. Gevo, Inc.*, No. 11-54-SLR, 2012 WL 2365905, at *1 (D. Del. June 21, 2012) (declining to grant motion for judgment on the pleadings where defendant asked court to embrace its characterization of patent and characterization of accused yeast strains as non-infringing); *Tech. Innovations, LLC v. Amazon.com, Inc.*, No. 11–690–SLR, 2012 WL 1441300, at *2 (D. Del. Apr. 25, 2012) (declining to engage in claim construction in resolving a Rule 12(b)(6) motion without the context provided by discovery and motion practice) (citations omitted); *Fujitsu Ltd. v. Belkin, Int'l, Inc.*, 782 F. Supp . 2d 868, 890 (N.D. Cal. 2011) (claim construction inappropriate on motion to dismiss because it undermines established rules for claim construction proceedings and often requires consideration of extrinsic evidence not normally considered at this stage); *Deston Therapeutics LLC v. Trigen Labs. Inc.*, 723 F. Supp. 2d 665, 670 (D. Del. 2010) (claim construction generally premature on motion to dismiss); *Yangaroo Inc. v. Destiny Media Techs. Inc.*, No. 09-C-462, 2009 WL 2836643, at *3 (E.D. Wis. Aug. 31, 2009) (motion to dismiss which required claim construction was inappropriate given the infancy of proceedings).

Review of the pleadings demonstrates that AngleFix has not conceded NuVasive's construction of the claims, and that claim construction will be required.

First, AngleFix clearly disputes NuVasive's assertion that there is no external thread on the accused product. (Opp. at 3-4). For instance, AngleFix asserted in its Response to NuVasive's counterclaims that "The lip portion of the Helix ACP screw is a thread." (Resp. ¶ 126). It also asserted that: "The head region of the bone screw in the Helix ACP product contains an external thread." (*Id.* ¶ 127). AngleFix argues in its Opposition to the Motion that it is still necessary to litigate the meaning of "thread" as used in the patent, and that a number of different structures that could satisfy the meaning of thread. (Opp. at 4). AngleFix argues that a thread can include "any single ridge that bends the protrusions," and that NuVasive has such a thread and protrusion design. (*Id.* at 9). It also points out that it will be the place of a judge or jury

to determine whether the NuVasive screw has a "thread" within the meaning of the patent. (*Id.*)

Although NuVasive points to AngleFix's concession of some historical facts regarding "screws," (Mot. at 3, 12-13), AngleFix argues that this does not have bearing on whether NuVasive's products are infringing, or upon the interpretation of the claim. (Opp. at 5-6). AngleFix argues that such extrinsic evidence is to be relied upon in construing claims only after the consideration of intrinsic evidence. (*Id.* at 6 (citing *C.R. Bard, Inc. v. U.S. Surgical Corp.*, 388 F.3d 858, 862 (Fed. Cir. 2004))). It also denies the applicability of other "screws," such as common hardware screws, to the interpretation of this patent. (*Id.* at 6). This Court will not resolve such arguments at this time, as these arguments should be presented during claim construction.

AngleFix also disputes that each claim of the '677 Patent requires an external thread on the screw. (*Id.* at 4-5). It points to claims pertaining to metal plates with holes, and argues that the sale of a bone plate alone, without screws, can be an act of infringement. (*Id.* at 5). The question of whether each claim requires a screw with an external thread is clearly in dispute, and will require proper claim construction.

This Court will not engage in claim construction at this stage. The parties vigorously dispute key elements of the patent claims, and this Court has not yet had the benefit of a full briefing, in compliance with the established procedures for claim construction, from both sides.

## CONCLUSION

The Motion for Judgment on the Pleadings is **DENIED**.

**IT IS SO ORDERED.**

Dated: January /3 2014

HON. ROGER T. BENITEZ
United States District Judge